IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08CR047

CATHERINE A. TAYLOR and
RONALD M. TAYLOR, JR.,

        Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion for Early Termination of Supervised Release. The Government has responded, and the Defendants have, by counsel, filed a reply. Accordingly, this matter is ripe.

On July 24, 2008, the Defendants, Catherine A. Taylor and Ronald M. Taylor, Jr. ("the Defendants" or "the Taylors"), were sentenced to eight months of imprisonment and three years of supervised release as a result of their convictions for conspiracy to commit bank fraud. They were also ordered to pay $25,935.86 in restitution to Bank of America. The restitution obligation is owed jointly and severally by the Taylors, and the Court ordered each to pay $500.00 per month toward restitution beginning sixty (60) days after their supervised release commenced. The Taylors were released from custody on April 24, 2009, and their supervised release began that day. On June 29,

1

2009, the Taylors executed Waivers of Hearing to Modify Conditions of Probation/Supervised Release, which were accepted by the Court on July 8, 2009. These waivers reduced the monthly restitution payment amount to $250.00 for each of the Defendants. This reduction was based on their financial circumstances, including Mrs. Taylor's unemployment. Faced with foreclosure of their home and other debt, the Taylors filed for bankruptcy protection under Chapter 13 on May 10, 2010. The United States Department of Justice was listed as a creditor on the bankruptcy documents.

On September 27, 2010, the Taylors wrote the Court to "formally request early termination of [their] supervised release." They noted that they had completed approximately one-half of their terms of supervised release, that they "continue to remain in full compliance with the conditions of supervised release" and that they "feel that [they] are no longer in need of supervision." In the letter, the Taylors also informed the Court of their having filed "Chapter 13 Bankruptcy in May 2010," explaining:

> [O]ur plan includes our restitution payments. We will be unable to make full restitution during our three years of supervision, but will complete payments without supervision. Our trustee is Robert E. Hyman, Richmond, Virginia. Our monthly payment to the trustee is $795.00 and is for a period of 5 years.

Defendants' Letter filed as Motion for Early Termination of Supervised Release (Sept. 27, 2010) (Docket No. 32). In response

2

to the letter, on October 12, 2010, the Court issued an Order directing the Clerk to file the letter as a Motion for Early Termination of Supervised Release and directing the Government to respond to the motion, with such response to include "the Government's position with regard to the Defendants' continuing obligation to make payments toward restitution at the rate of $250.00 each per month as ordered by the Court."

In its response, the Government traces the cases and legislation that address the interplay between bankruptcy proceedings and restitution obligations imposed as conditions of probation or supervised release in criminal actions. In Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 564 (1990), the Supreme Court held that restitution obligations imposed in criminal action constitute "debts" for bankruptcy purposes. The Court also held such debts to be dischargeable. Id. Thereafter, in reaction to Davenport, Congress amended Title 11, United States Code, Section 1328(a) to except restitution and criminal fines from discharge in Chapter 13 cases, a fact that the Supreme Court acknowledged in Johnson v. Home State Bank, 501 U.S. 78, 83 n.4 (1991) (noting that "Congress subsequently overruled the result in Davenport," by "expressly withdrawing the Bankruptcy Court's power to discharge restitution orders under 11 U.S.C. § 1328(a), not by restricting the scope of, or otherwise amending the definition of "claim" under §

101(5).")  . Consequently, debtors may provide for debts such as criminal restitution in their plans, and creditors are bound by the res judicata effect of the confirmed plan during the period of the plan, but "any remaining portion of the restitution obligation will remain owed to the victim until fully paid." In re Coulter, 305 B.R. 748, 760-61 (Bankr. D.S.C. 2003). In Coulter, the bankruptcy court noted that a defendant/debtor may not be cited for a violation of probation or supervised release "based upon [defendant / debtor's] failure to pay restitution and fees under any schedule which is contrary to the confirmed plan" but he may be cited for a violation of other conditions. Id. at 761.

In the Taylors' case, their Chapter 13 plan provides for an estimated six percent payment to general unsecured creditors, which includes the restitution obligation in this case. Gov. Response at 2 (citing Exh. 1, Chapter 13 Plan). However, no disbursement has been made by the Trustee toward the restitution obligation as of January 2011. Disbursements will likely be made during the five-year plan period. Since filing for bankruptcy protection in May 2010, the Taylors have made no restitution payments to the Clerk of Court since such payments would be contrary to the plan. Despite these facts, consistent with Coulter and other case law, the Taylors have not violated conditions of their supervised release by failing to pay restitution as directed by this Court.

With regard to the Motion for Early Termination of Supervised Release, Title 18, United States Code, Section 3583(e)(1) states that courts have the authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The statute requires the court to consider the Section 3553(a) factors. The United States probation officer for the Taylors does not take a position with regard to their early termination.

In support of early termination, the Defendants make several arguments. The Taylors are in full compliance with the conditions of their supervised release. They have continued to maintain a stable residence, even while dealing with foreclosure. Mr. Taylor is gainfully employed as a pipe fitter. Mrs. Taylor has been unable to secure employment even though she is a nurse. They have reported to the probation office as directed and have submitted all of their monthly reports. There have been no violations of conditions of supervised release. They were open with their probation officer about their bankruptcy proceedings. They have no history of substance abuse, and the Court has suspended the mandatory condition for substance abuse testing.

The Government opposes the motion for early termination. While the Government concedes that the Defendants have complied with all conditions of supervised release, it argues that their conduct is a neutral factor. Citing United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999), the Government points out the Fourth Circuit's directive that the court "must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." In Pregent, the Fourth Circuit also notes that the phrase "and the interest of justice" gives the court latitude to consider factors other than the individual's behavior in considering whether to terminate supervised release early. Id. at 283-84. In Folks v. United States, 733 F. Supp.2d 649 (M.D.N.C. 2010), the court notes that "[o]ne of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." The court also notes that even "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination," and that if full compliance was a sufficient reason to terminate supervised release, "the exception would swallow the rule." Id. at 652 (internal citations omitted). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release

'either too harsh or inappropriately tailored to serve' general punishment goals." Id. at 651 (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

In the case of the Taylors, having considered the Section 3553(a) factors, the Motion for Early Termination of Supervised Release will be denied. The offense committed by the Taylors was quite serious. While the offense conduct was an aberration of sorts in that the Defendants did not have prior felony convictions, it was not truly aberrant behavior. It did not consist of a single criminal act but instead consisted of numerous criminal acts that the Defendants committed over a period of almost six years. At the time of sentencing, the Court denied a motion for a downward variance as to both of the Defendants noting that these crimes were serious and had continued for almost six years. Thus, the nature and circumstances of the offense, Section 3553(a)(1), weighs against early termination. In addition, early termination in this case would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence, under Sections 3553(a)(2)(A)&(B). Most defendants who have committed crimes such as these would not receive an early termination; thus, Section 3553(a)(6), to avoid unwarranted sentencing disparities, also weighs against early termination. Finally, Section 3553(a)(7), to provide restitution to any victims

of the offense, also weighs against early termination. While the Defendants have acknowledged their obligation to pay restitution in full, regardless of their bankruptcy status and the end of their supervised release in 2012, it is in the interest of justice that restitution be paid and, given the Defendants' continuing financial difficulties, supervision may be helpful in ensuring that the Defendants' financial circumstances are appropriately addressed. Accordingly, having considered the Section 3553(a) factors, the conduct of the Defendants, and the interest of justice, the Motion for Early Termination of Supervised Release will be denied.

An appropriate Order shall issue.

Richmond, VA
Date: March 24, 2011

/s/ REP
Robert E. Payne
Senior United States District Judge